**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-156-M |
| | ) | |
| ISAIAH McCORKLE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §
3582(c)(2) and U.S.S.G. § 1B1.10(a) and (b) of Amendment 782 – Drug Minus Two, filed
December 22, 2014. On January 12, 2015, the government filed its response, and on January 23,
2015, defendant filed his reply.

On September 27, 2012, the government filed a superseding information, charging defendant
with conspiring to possess with intent to distribute and to distribute cocaine base, in violation of 21
U.S.C. § 846. On October 3, 2012, pursuant to a plea agreement, defendant pled guilty to the
superseding information. In the plea agreement, the parties stipulated that defendant is a career
offender under United States Sentencing Guidelines § 4B1.1. *See* Plea Agreement [docket no. 119]
at ¶ 7. On March 1, 2013, the Court held a sentencing hearing, found that defendant's sentencing
guideline range was 151-188 months of imprisonment,[1] and imposed a downward-variant sentence
of 120 months of imprisonment. Defendant now moves this Court for a sentence reduction pursuant
to 18 U.S.C. § 3582 and Amendment 782.

---

[1]Because defendant qualified as a career offender and the offense level for defendant under
U.S.S.G. § 4B1.1 was 32, which was higher than the offense level for defendant under U.S.S.G. §
2D1.1, the career offender offense level controlled defendant's guideline calculation.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The United States Supreme Court has held that § 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3682(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Further, § 1B1.10(a) of the United States Sentencing Guidelines provides, in pertinent part:

    (a)    <u>Authority</u>. –

        (1)    <u>In General</u>. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

        (2)    <u>Exclusions</u>. - A reduction in the defendant's term of imprisonment is not consistent with this policy

statement and therefore is not authorized under 18
U.S.C. § 3582(c)(2) if –

(A)      none of the amendments listed in subsection
(d) is applicable to the defendant; or

(B)      an amendment listed in subsection (d) does
not have the effect of lowering the
defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a).

As set forth above, defendant's offense level and guideline range was determined by application of the career offender guideline, U.S.S.G. § 4B1.1. As such, the Court finds that Amendment 782 does not change defendant's guideline range. Because Amendment 782 does not change defendant's guideline range, the Court finds defendant is not eligible for a sentence reduction.

Accordingly, the Court DENIES defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a) and (b) of Amendment 782 – Drug Minus Two [docket no. 284]. The AO 247 Form denying defendant's motion is filed simultaneously herewith.

**IT IS SO ORDERED this 21st day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE