# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) |
| vs. | ) Case No. CR-12-156-M |
| ISAIAH McCORKLE, | ) |
| Defendant-Movant. | ) |

## ORDER

Before the Court is defendant-movant Isaiah McCorkle's ("McCorkle") "Motion to Amend Movant's § 2255(f)(3) Based on the Newly Decided Authority of Mathis v. United States, 136 S.Ct. 2243 (June 23, 2016)", filed March 20, 2017. On July 12, 2017, the government filed its response, and on July 21, 2017, McCorkle filed his reply. Based upon the parties' submissions, the Court makes its determination.

McCorkle moves this Court to amend his § 2255 motion to add a claim under *Mathis v. United States*, 136 S. Ct. 2243 (2016). The government asserts that McCorkle's motion should be denied because a claim under *Mathis* would be untimely.

Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

On March 5, 2013, McCorkle was sentenced to 120 months of imprisonment.[1] McCorkle did not appeal his conviction or sentence. Since McCorkle did not file a direct criminal appeal in this case, McCorkle's judgment of conviction became final on March 20, 2013. Therefore, § 2255's one-year statute of limitations expired on March 20, 2014.

McCorkle asserts that his claim under *Mathis* is timely under § 2255(f)(3). Having reviewed the parties' submissions, the Court finds that § 2255(f)(3) does not apply in this case. Specifically, the Court finds that *Mathis* did not announce a new rule and cannot be relied upon to file a § 2255 claim under subsection (f)(3). *See United States v. Taylor*, 672 F. App'x 860 (10th Cir. 2016) (holding that § 2255 motion not timely under § 2255(f)(3) because *Mathis* did not announce new rule). The Court, therefore, finds that any claim under *Mathis* is not timely and that McCorkle, therefore, should not be granted leave to amend his § 2255 motion to add a *Mathis* claim.

---

[1] An amended judgment in this case was entered on March 6, 2013.

Accordingly, the Court DENIES McCorkle's "Motion to Amend Movant's § 2255(f)(3) Based on the Newly Decided Authority of Mathis v. United States, 136 S.Ct. 2243 (June 23, 2016)" [docket no. 339].

**IT IS SO ORDERED this 2nd day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE